UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

December 21, 2016

Re:   *Martin v. Douglas Development Corporation*
      Civil Case No. PWG-14-3450

Dear Judge Grimm:

On November 21, 2016, this case was referred to me "for a recommendation on the impact, if any, that the circumstances surrounding the previously held settlement conference should have on the Court's ruling on the sanctions matter." (ECF Nos. 79 & 82.) After receiving this referral, I directed the parties to submit ex parte letters to me containing their respective positions. Without revealing any confidential content of the parties' letters, I will summarize their arguments below.[1] Ultimately, I find that the parties' settlement discussions have no impact on the pending motion for sanctions (ECF No. 75) and recommend that the Court not take them into account in making its ruling.

Defendant argues that in the months leading up to the September 15, 2016 settlement conference, its focus was on attempting to settle the case and not incurring additional costs by conducting discovery. Defendant believed that Plaintiff was likewise minimizing his discovery efforts to save on costs. As evidence of this, Defendant notes that the parties scheduled depositions to occur after the September 15th settlement conference and that Plaintiff did not raise any concern regarding the overdue discovery responses until about two weeks before the conference.

Plaintiff disagrees with Defendant's characterization of the parties' strategies leading up to the settlement conference. While Plaintiff states that he was hopeful that the case could be resolved, this hope did not trump his interest in completing discovery. To corroborate this, Plaintiff points to an email dated August 29, 2016. In this email, deposition dates were scheduled "in the event that [the parties] do not reach a settlement." This communication indicates that, at least in Plaintiff's view, settlement was not inevitable. Plaintiff notes that he did not tell Defendant that he would compromise his discovery position to facilitate settlement discussions. And he would have had little reason to do so; Plaintiff's attorneys are serving pro bono and their expenses will not be passed on to him.

Defendant's arguments are unavailing. Neither the Court's initial scheduling order (ECF No. 43) nor the Federal Rules of Civil Procedure nor the Court's Local Rules provide that discovery may be withheld so long as a settlement conference has been scheduled. It is true that parties occasionally seek to stay discovery or delay the entry of a scheduling order until after a

---

[1] I have separately ordered the Clerk of Court to file copies of the ex parte letters as sealed documents in this case.

settlement conference has occurred. But no such request was made in this case. It appears that Defendant simply assumed that further delaying its production of discovery would be acceptable to Plaintiff. Defendant did not confirm this assumption with Plaintiff. And Defendant's purported justification for delaying the production of discovery is questionable. The nature of the evidence at issue in the pending motion (timesheets, paystubs, and tracking data for a period of approximately eight months) does not to appear to be the type that would impose substantial burdens or costs on the party producing it. I also note that in its response to the motion for sanctions, Defendant credits its late production of these documents as being "[d]ue to conflicting summer vacation and work schedules," and not to the desire to avoid incurring additional costs. (ECF No. 81 at 2.)

If Defendant desired to wait until after the settlement conference to produce the discovery sought by Plaintiff, it should have at least sought Plaintiff's consent to do so. To the extent that Defendant's delayed production of discovery was caused by its anticipation of a settlement agreement, this should have no impact on the Court's ruling on the pending motion for sanctions. Defendant's request that the Court consider the parties' settlement discussions is without merit and should be rejected.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge